Case No. 13-586, United States of America v. Manuel Verduzco Arguments not to exceed 15 minutes per side Ms. Lane, for the appellant, you may proceed Thank you, Your Honors. May it please the Court, Madeleine Lane on behalf of the defendant appellant, Manuel Verduzco And with the Court's permission, I would like to reserve 3 minutes for rebuttal Your Honors, this case arises out of a judgment of sentence And involves 3 important questions of sentencing I'd like to address 2 mainly today And both of those are United States Sentencing Guideline calculation issues First is acceptance of responsibility under 3E1.1 of the U.S. Sentencing Guidelines And the second is the 3-point, in this case, 3-point leadership enhancement For being a manager found under 3B1.1 of the U.S. Sentencing Guidelines We also brief substantive unreasonableness I'd like to begin with acceptance, and I'd like to clarify that Yes, this Court has recognized that under U.S. v. Webb That you review for clear error on this issue The Sentencing Guidelines themselves indicate That when looking as to whether or not a district court should Reduce a particular defendant's offense level For 2 points for acceptance of responsibility We look primarily for 2 things A timely plea And also for a defendant to truthfully admit the conduct Which underlies the offense that he or she is You don't get it much, usually, when they've found that there's some obstruction of justice, though, do they? That's correct, Your Honor Extraordinary Yes, and I believe that's the exact word we used in our reply brief, is extraordinary And I'm glad that you brought up the interplay between acceptance of responsibility And then obstruction of justice enhancement under 3C1.1 I would, however, point out that there's no absolute bar To the 2 points of acceptance of responsibility And this Court has recognized that in the past Well, that makes it pretty discretionary with the judge, then To look at the evidence Look at whether there was some evidence of obstruction, all of that And so what is the standard that we look at here? There's no absolute bar But there's no provision that says, you know, you've got to give it to him So what's our standard? Yes, Your Honor, I completely agree This Court's reviewing for clear error And I do agree that the district court is allowed discretion in this matter I think, however, what this Court has recognized in the past Is that what we're interested in On this particular issue, in this interplay between these two sentencing guidelines Is whether or not the defendant's obstruction of justice Indicates that he or she has not, in fact, accepted responsibility And in particular, we cited, I think it's the Ruggiero case Which is out of this circuit In that case, the defendant There was a question about relevant conduct The extent of relevant conduct I believe that was a drug, racketeering, and money laundering case And in a sentencing, an extended sentencing hearing That defendant testified, the district court found, falsely Denying that he had any activity or any involvement In some significant additional relevant conduct That's not the case that we have here today Mr. Verdusco did not testify falsely Certainly Do I wish that there weren't affidavits from They weren't co-defendants, but defendants Well, they were co-defendants Saying that he had Made what they considered to be threatening comments Certainly My case would be much stronger if that wasn't the case But a couple of points First, the court in denying Mr. Verdusco The two-point reduction for acceptance of responsibility Did not rely on the obstruction of justice Or at least in its holding Did that indicate it was relying on obstruction of justice Second What did it rely on? It relied instead on A word that my client used at his plea hearing He said in the words And of course my client speaks Spanish So we had an assistant, a very competent Spanish translator He waffled on and he said everybody else was much more Guilty than he was, right? He certainly did And in fact I would point out that I think the evidence in that case Backed up his claim at least as far as Edgar Torres de la Mora was concerned Certainly my client's name didn't pass by anyone's lips Until Edgar Torres de la Mora Gave his first proper statement His idea is his nephews got him into trouble  And he withdrew, right? That's certainly what he said And he used the word Retar Which R-E-T-I-R-A-R In Spanish Which as we pointed out in our brief Certainly means that the literal translation Is to withdraw But in Mexico it is also used For the word retire And in fact what Mr. Verduzco Was doing at that hearing Was explaining his conduct between The events in June of 2010 And then what he was doing Between that time and the time of his arrest Which I believe was late 2012, early 2013 And he did tell the court And later the probation officer That what he had done is Once he learned the extent Of his nephew's drug activities  Return to Mexico where he had some family And later came back to Chicago But importantly what he did not do Was he never denied that he was previously Involved in that drug conspiracy And he didn't seek to He was not seeking Making a legal argument That he had chosen to withdraw from the conspiracy And therefore should not be held responsible For any later relevant conduct They got a big windfall here Because he got sentenced Way below what the guidelines were So he got the equivalent If not greater Than if he already had these And the judge had followed the guidelines Right? I agree with your honor I think it's about About seven years below He did The district court judge did in fact Sentence him seven years Under his recommended guideline range However I think first of all It is an important recurring question About application of this specific guideline And second we don't necessarily know What the district court judge would have done Had he been given that two points For acceptance of responsibility The second Major guideline application issue That we've raised on appeal Is the three points Mr. Verdusco Received for leadership And specifically being a manager Of this conspiracy Because this is a conspiracy We don't dispute That involved five or more participants So under 3B1.1 We're looking at either a three point Enhancement for being a manager Or a four point enhancement For being an organizer or a leader So he just got the three Yes your honor he did He got the three point enhancement And that's a multi-factor test This court has consistently ruled on that I think one of the last ones Was the U.S. v. Castillo-Lugo But importantly Comment to that specific guideline And that this court has recognized in Gort In a number of cases Including Gort di Donato Is the fact that The court must find To receive either the three or the four point Leadership enhancement That the defendant exerted control Managed, supervised At least one participant And the district court did not do that in this case This court has also held that Merely suggesting to commit a crime Which was sort of the case in the Gort matter Or even playing a major role In that case again Gort In Gort we have a female defendant It was she and her boyfriend Were involved in essentially a fraud They were defrauding a number of her family members By claiming she was under some sort of harassment By a drug gang That her boyfriend was involved in the mafia And then if her family only gave her enough money His mafia connections would keep her safe In fact she was responsible for identifying family members Sort of looking at their funds And identifying whether or not they had funds And the ability to sort of give money to this cause And then was intimately involved In convincing them to hand over their money In that case the court held it wasn't enough Now in that matter we're looking at a two point bump up But the standard is the same Merely suggesting the crime Or even playing a major role in the offense Is insufficient The court has to make a factual finding That the defendant actually exerted control over someone The defense counsel It wasn't you was it? It was your honor The defense counsel asked the court To make that finding right there I remember that we raised this objection And went through the multi-factor test And pointed out that there was no evidence in the record Suggesting that he had exerted control Or managed someone But whether or not I specifically said to the court thereafter I'd like you to make a factual finding I don't believe I did Moreover, the court could not I would submit the court could not have made that factual finding Because there is no evidence Other than the self-serving statement Proper statement Not even testimony Not even in a form of an affidavit Of one of Mr. Verdusco's co-defendants Edgar Torres de la Mora Edgar said in one or more of his proper statements That his uncle was quote the boss What's wrong with believing that? I think your honor He believed, couldn't he? By the court The court certainly could choose to believe that Certainly I think there are a number of inherent problems I agree that sentencing courts can consider hearsay Or other evidence which would not In another instance pass Sort of the scrutiny under the rules of evidence However, in doing that The court still needs to make a determination That that evidence Has the type of reliability That we would otherwise like to rely on And I think that In this particular circumstances There's a number of reasons to question Mr. Torres de la Mora's statements Number one He's making a proper statement Now certainly Both the government and frankly defense counsel Rely on proper statements in a number of circumstances However The person is there Because they are trying to better their situation And indeed Mr. Torres de la Mora Received a significant sentencing reduction Because of his assistance here More importantly In this specific case Mr. Torres de la Mora was caught red-handed It was he that the DEA The DEA had surveillance on Had undercover buys from He was the individual responsible For purchasing the firearms The cars Recruiting drivers All the tools of the trade It was his address That was in the car That was stopped in June 2010 So he knew that he was going to be found guilty for this And he needed to point his finger at someone And what he did was point his finger At the one individual who had been Later was indicted in the first superseding indictment But hadn't been arrested yet And if you notice When you look through the statements of the other Defendants in this case There's only one other individual who says That my client is the boss And that individual Doesn't know that he's the boss Doesn't know what his role was But is merely indicating That's what Edgar told him There are two places in there That the court could have relied upon That he was the boss Certainly Although the second is hearsay Is double hearsay So really what we're doing is relying The government's case And the evidence the district court is relying on In this case is really solely Edgar Torres de la Mora's statement And I would assert that That's unreliable Given his circumstance But that's allowable Yes, your honor, I agree And I see I'm out of time So I'll reserve the rest of my three minutes for rebuttal Thank you, your honor Thank you Good morning May it please the court My name is Sean Lewis Appearing on behalf of the United States In this matter In this case The district court did not clearly err In declining to award For Dusko Two points for acceptance and responsibility It did not clearly err In finding that he was at least a manager And it did not abuse its discretion In fashioning a sentence in this case And I'd like to start with the acceptance And go, Chief Judge, to the question You asked opposing counsel Of what did the district court rely on What did Judge Neff rely on In finding that there was not acceptance Judge Neff was very clear She was very adamant in her findings She declined this award Because she found That the defendant did everything possible To minimize his conduct He did so continually Not only that He denied significant parts of his behavior Not only that He tried to conceal his role These are all the court's findings After looking at the entire record And that the court found That his efforts to characterize his role as minimal Was, quote, not true That's what the court relied on In denying the award For acceptance of responsibility Layered on top of that Which clearly underscores That the court did not clearly err As an obstruction of justice enhancement That ordinarily renders a person ineligible Unless they come back And demonstrate an extraordinary case And again, Chief Judge Going to your question That was followed up, I believe With a reference to the out-of-circuit case Ruggiero That case, again, underscores The fact that it's a question of discretion In Ruggiero I believe the government had appealed The award of acceptance When the defendant didn't fully admit his relevant conduct The court of appeals simply said It's a matter of discretion The court knew it had the discretion It elected to give him Credit in that case Here we have the exact opposite The court, Judge Neff, clearly understood She had the discretion She made detailed factual findings And declined to do so Really, the heart of Verdusco's argument Boils down to a misunderstanding An incomplete reading of comment number three And that was evident In counsel's argument Where she said That there are two factors That one looks at In determining whether to award acceptance What she underlined was a guilty plea In admitting one's conduct Underlying the plea Yes, we have that here But that leave, that's incomplete There's a third factor And that third factor is Admitting the rest of your conduct Or not denying what you did And that's where Verdusco failed here And so, the argument that was predicated On just two of those three factors Sounds good, but it's incomplete When you look at the full picture The full three factors It's very evident that Judge Neff Here reached a permissible And that we would submit the correct conclusion Based on all these facts I would just note briefly That this whole issue about withdrawal Versus retiring is really a red herring In the first instance There is no evidence There's nothing in the record That shows that Verdusco used the word Retirar versus jubilar There's just nothing in the record On that score In fact, what the record does show Is that both the prosecutor And the court went to great lengths To clarify exactly what it was That he meant The prosecutor, in fact, stated As I understand it In questioning Verdusco As I understand it You joined Edgar for a little while But then you claimed You withdrew from the conspiracy When you realized how big it was getting Is that a fair statement? Answer, yes And that's at page ID 797 Similarly, later on The magistrate judge did the same In essence, the same thing So all of these factors Layered together And I would note on the withdrawal It really doesn't matter The substance, whether he meant Withdraw or retire He was still minimizing his conduct And in any event That wasn't the linchpin Of the court's analysis But he withdrew from the country Then he came back in, right? Yes, and the timing of that He fled to Mexico The record certainly suggests With the rest of the co-conspirators He came back and was caught As Appellant points out The other two, apparently Are still down in Mexico But again, that doesn't Do anything other than I would submit show Consciousness of guilt Fleeing the country And then on the leadership Enhancement, the court Did not clearly err there either And counsel pointed out That there were not factual findings I would disagree if one looks At the record of the sentencing hearing After the prosecutor went through And outlined all the facts That showed exactly He didn't invoke magic words That Verdusco controlled other people But he explained the evidence Showing how he had done so When the prosecutor concluded Judge Neff said I agree with the government We're either in A or B Implicit in that is both An adoption of the five Which nobody, the five people Which nobody can test or disputes And the factual underpinning In both of those In addition, later on During that sentencing hearing The court referenced There are three affidavits That were at least three Maybe four affidavits Of the co-conspirators That were included Embedded in the PSR The court referenced those Including the affidavit Of Edgar Olagu Rodriguez And said I reviewed those I find them credible Those affidavits lay out And contrary to I think counsel was mistaken on this Edgar's, the information from Edgar And the others Was in fact in affidavit form And it was incorporated in whole In the PSR But the court credited those statements Those affidavits set forth In high level of detail The ways in which the defendant Exerted control, organization, etc. I can go through those But I think the record Really here speaks Clearly, I would just point out For example, in setting the price It's a very clear example Where Verduzco was controlling Edgar You can't control a price Without controlling a person Who's selling He's doing that And on and on and on The record, the affidavits That the court credited Show the way That Verduzco was controlling The others And in any event As we pointed out in our brief It's harmless As Judge Tyler, you pointed out We have a sentence here That is seven years Below the bottom of the guidelines Even if you knock off These three The guidelines are still above The sentence that he got So it's harmless Even if there were an error But we would submit There's no error here And also, Judge Tyler There was no objection To the question you had asked There was no objection By defense counsel Below that the court Failed to make adequate findings In fact, Judge Neff asked At the very end of the hearing Is there any other reason Anything else? No, by the prosecution No, by the defense So, and Makes it a whole lot easier If you ask the district judge And then he or she can Make the finding And you don't have to Bring this up here To send it back down I agree And here Even if the court were I think there are Adequate factual findings It is harmless But in any event Even if the court Were to determine There aren't Sufficient factual findings Remand wouldn't even be What the court would have to do Because the court Would then just look at the record De novo And there's ample support In fact, in that In the Vanderburg For instance Judge Vanderburg Alexander Garrett All stand for that proposition So unless the court Has any other questions We'd ask that the judgment Of the district court Be affirmed We have none Thank you Thank you Thank you, your honors I have just two Very brief points First, as to leadership I would I would again just state That the information provided By the government At the sentencing hearing Was the information That it received from Edgar And for all the reasons That I previously stated Our position is that Information was unreliable And continues to be unreliable Then, and more importantly When the district court Judge said I find all this credible What's the basis For the unreliability Just that these people Were looking for a deal Certainly Certainly Mr. Torres-De La Mora Is looking for a deal Second, and more importantly He's not your regular defendant Just looking for a deal He's not a minor participant He's the leader He's the one that's going Presumably going to go away For the longest And more importantly The government had A mountain of evidence Against specifically Edgar Torres-De La Mora And I think when you look At the statements That Edgar made About Mr. Verduzco As opposed to what The other co-defendants Had said about my client It really brings His statements into question For instance If Mr. Verduzco Truly was the boss The ringleader of this operation Mr. Rodriguez Rodriguez Who was the driver Recruited by Edgar Would likely have known What his role was He would have known Mr. Verduzco was the boss He would have known What Mr. Verduzco was doing On a day-to-day basis Or at least during his proffer Would have been able to identify What Mr. Verduzco's role was And just the opposite Mr. Rodriguez Tells both the prosecutor If he or she was there But more importantly Law enforcement During his proffer He had no idea What Mr. Verduzco's role was The only other person That says that my client Was the boss And I use that Because that's the exact terminology Was Mr. Oligue And he says Mr. Verduzco is the boss Because that's what I heard from Edgar But he doesn't give any facts Backing that up So really what we're looking at Is the one statement By Edgar Rodriguez was getting afraid Of Verduzco Because Verduzco Was supposed to Make these threats To other people He does say that later In an affidavit But of course That's events that happened Well after Mr. Rodriguez Rodriguez gave his initial proffer And says he has no idea What my client's role was Maybe he didn't want to change it After that Perhaps That's certainly one explanation But I think the fact That no one other than Edgar Can tell anyone What Mr. Verduzco's role is And the fact That law enforcement Didn't know he existed Never saw him There's no hard Documentary evidence Photographs Surveillance Undercover buys Involving my client No phone calls Suggesting that he's the boss Brings it into question More importantly On the issue of acceptance I would just say That comment One Two Three E1.1 Indicates That my client Doesn't have to do anything Anything more Than And I see my time's out If I can Thank you Than admit the offense conduct I think the important Take away From our position In this case is The government's theory Of the case And the defense Theory of the case In most cases Are going to differ The government May in many cases Think That the defendant Had a larger role Or a different role Than the defendant Admits he does The purpose Of acceptance Of responsibility Is To encourage Defendants To take responsibility For their actions To save the government And frankly the court Time and expense Of having to go through A trial And I would submit To this court That in a case When the defendant Timely pleads Admits the conduct Necessary for him For there to be A factual basis For his plea To the charge But doesn't admit To every single detail That the government Believes in this Area of the case That he should receive The benefit of the doubt And receive acceptance Of responsibility Unless he threatens people Again I would I certainly agree That that is I wish that fact Was not in this case But I would point out It's not an absolute bar As long as the court Finds that The The obstruction Is not trying to reduce His acceptance Thank you counsel The case will be submitted Thank you your honors Clerk may call the next case